IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PHILIPPE PADIEU, #1579307 | § | |
| | § | |
| V. | § | Civil Action Nos. 4:16cv948 |
| | § | *consolidated with* 4:16cv949, 4:16cv950, |
| DIRECTOR, TDCJ-CID | § | 4:16cv951, 4:16cv952, 4:16cv953 |
| | § | |

## **ORDER OF DISMISSAL**

The above-styled and numbered cases were referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation concluding Petitioner's cases should be dismissed with prejudice. The Report and Recommendation of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such actions, has been presented for consideration. Petitioner filed objections.

The Magistrate Judge recommended the petitions for writ of habeas corpus be denied and dismissed with prejudice. In his objections to the Report, Petitioner asserts that he has newly discovered evidence to show that his constitutional rights have been violated. He states that witnesses came forward with affidavits, which he attached to his objections. The first affidavit is by trial counsel W. B. "Bennie" House, Jr., which was attached to a motion for change of venue, and is contained in the trial court records. The Report addressed the change of venue issue and the affidavit was presumptively considered.

The second attachment is one page of hand-written notes, which Petitioner contends is part of discovery he obtained; thus, the page is not new evidence.

1

The third attachment is an affidavit of Marlene Czarkowski, dated December 5, 2018. This affidavit was not presented to the state habeas court or the TTCA. Review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits; thus, this affidavit cannot be considered by this Court. *Cullen v. Pinholster*, 563 U.S. 170, 181. Nonetheless, it merits no relief. Ms. Czarkowski notes in her affidavit that she is a biologist, that she would have provided expert testimony and would have hired a private investigator. However, as addressed in the Report, trial counsel hired both an expert/consulting witness and a private investigator. Ms. Czarkowski has not shown that she would have been qualified to give an expert opinion. Further, Petitioner has not produced an affidavit of an expert opinion contradicting the state expert's testimony. The rest of Petitioner's objections are simply re-urging issues raised in his petition that were fully addressed and rejected in the Report.

In sum, after reviewing Petitioner's objections, most are simply re-urged arguments from his petitions. Additionally, most are conclusory claims, which are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d. 285, 287-288; *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). After reviewing the Report and Recommendation and conducting a *de novo* review of Petitioner's objections, the Court concludes the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** the petitions for writ of habeas corpus are **DENIED**, and the cases are **DISMISSED** with prejudice. Certificates of appealability are **DENIED**. It is further **ORDERED** all motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED this 26th day of March, 2020.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE