IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| PHILLIPPE PADIEU, #1579307 | § |
| | § |
| VS. | §   CIVIL ACTION NO. 4:16cv948 |
| | §   CONSOLIDATED WITH NOS. 4:16cv949, |
| DIRECTOR, TDCJ-CID | §   4:16cv950, 4:16cv951, 4:16cv952, 4:16cv953 |

## MEMORANDUM OPINION AND ORDER

*Pro se* Petitioner Philippe Padieu filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). (Dkt. #47). The record shows that, on March 26, 2020, the habeas petitions were denied and the cases were dismissed. (Dkt. ##40, 41). On June 1, 2021, the United States Court of Appeals for the Fifth Circuit denied Petitioner's request for a certificate of appealability. (Dkt. #45). On October 21, 2021, the Fifth Circuit denied Petitioner's motion for authorization to file a successive § 2254 petition. (Dkt. #46).

Approximately one year later, in October 2022, Petitioner filed the instant Rule 60(b) motion for relief of judgment. He asserts many of the same claims that he asserted in his motion for authorization to file a successive § 2254 petition and argues throughout the motion that he was denied a fair trial, that the trial judge was not impartial, and that the trial judge and prosecutors engaged in misconduct and committed fraud.

The Supreme Court has held that district courts may hear Rule 60(b) motions in habeas proceedings that attack not the substance of the federal court's resolution of a claim, but some defect in the integrity of the federal habeas proceedings. *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). The Supreme Court provided an example of a defect in the integrity of the federal habeas corpus proceedings, such as fraud on the federal court. *Id.* at 532 n.5. *See also Canales v.*

*Quarterman*, 507 F.3d 884, 887 (5th Cir. 2007). The present Rule 60(b) motion does not satisfy the exception; thus, the motion is treated as a successive § 2254 petition.

The filing of the instant motion, based on Rule 60(b), is an attempt to circumvent the federal prohibition against filing successive habeas petitions by using another means for the same purpose. Prisoners cannot evade the procedural rules governing § 2254 petitions by the simple expedient of claiming that their petitions are brought under other motions or sections instead. Petitioner may not file a Rule 60(b) motion to bypass the successive petition prohibition. *See Fierro v. Johnson*, 197 F.3d 147, 151 (5th Cir. 1999) (Rule 60(b) motions are construed as successive habeas petitions subject to AEDPA). Properly construing Petitioner's motion as a successive petition, the Court notes that Petitioner may not file a successive petition in this Court without the permission of the Fifth Circuit. 28 U.S.C. § 2244(3)(A). A district court cannot rule on the merits of a successive petition that has been filed without such approval. *Crone v. Cockrell*, 324 F.3d 833, 838 (5th Cir. 2003). Petitioner has not shown that he has received permission from the Fifth Circuit to file the present petition. Indeed, the Fifth Circuit denied Petitioner's motion for authorization to file a successive § 2254 petition. (Dkt. #46). Thus, the Court lacks jurisdiction to consider such action without permission from the Fifth Circuit.

It is accordingly **ORDERED** that Petitioner's Rule 60(b) motion (Dkt. #47), construed as a successive § 2254 petition, is **DISMISSED**. All motions by either party not previously ruled upon are **DENIED**.

**SIGNED this 6th day of June, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE